﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 200122-55872
DATE: February 28, 2020

ORDER

Prior to June 7, 2019, a rating higher than 10 percent for right ankle disability is denied.

From June 7, 2019, a 20 percent rating for right ankle disability is granted.

Service connection for back disability as secondary to service-connected right ankle disability is granted. 

Service connection for neck disability as secondary to (now) service-connected back disability is granted.

Service connection for a left leg disability as secondary to (now) service-connected back disability is granted.

FINDINGS OF FACT

1. Prior to June 7, 2019, the Veteran’s right ankle disability did not result in any ankylosis, marked limitation of motion, malunion of os calcis or astragalus, or astragalectomy.

2. From June 7, 2019, the Veteran’s right ankle disability results in marked limitation of motion.

3. Resolving reasonable doubt in the Veteran’s favor, his back disability is proximately due to or the result of his service-connected right ankle disability.

4. Resolving reasonable doubt in the Veteran’s favor, his neck disability is proximately due to or the result of his presently service-connected back disability.

5. Resolving reasonable doubt in the Veteran’s favor, his left leg disability is proximately due to or the result of his presently service-connected back disability.

CONCLUSIONS OF LAW

1. Prior to June 7, 2019, the criteria for a disability rating in excess of 10 percent for right ankle disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5271.

2. From June 7, 2019, the criteria for a 20 percent disability rating for right ankle disability have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5271.

3. The criteria for service connection for back disability on a secondary basis are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310.

4. The criteria for service connection for neck disability on a secondary basis are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310. 

5. The criteria for service connection for left leg disability on a secondary basis are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on duty service in from March 1965 to March 1967. 

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. 

Under the new AMA framework, after the issuance of the January 2020 Statement of the Case (SOC), the Veteran timely appealed the rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See Notice of Disagreement VA Form 10182 dated January 2020.

Increased Ratings

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

1. Prior to June 7, 2019, a rating higher than 10 percent for right ankle disability is denied.

2. Beginning June 7, 2019, a 20 percent rating for right ankle disability is granted.

In October 2018, the Veteran filed a claim for increased evaluation which was denied by a January 2019 rating decision. The Veteran disagrees with the currently assigned evaluation. 

With respect to disabilities of the ankle, 38 C.F.R. § 4.71a, Diagnostic Codes 5270 through 5274, set forth relevant provisions.

Diagnostic Code 5270 evaluates ankylosis of the ankle and Diagnostic Code 5272 evaluates ankylosis of the subastragalar or tarsal joint. Medical treatment records do not show presence of ankylosis. Therefore, these Diagnostic Codes are not applicable. Likewise, there is no evidence that the Veteran suffers from a malunion of the os calcis or astragalus, or has undergone an astragalectomy or removal of the talus bone. Accordingly, Diagnostic Codes 5273 and 5274 are not for application.

Diagnostic Code 5271 evaluates range of motion in the ankle. A 10 percent rating is assigned for moderate limitation of motion and a 20 percent rating, the maximum rating, is assigned for marked limitation of motion. Ankle dorsiflexion is measured from 0 degrees to 20 degrees; plantar flexion is measured from 0 degrees to 45 degrees. 38 C.F.R. § 4.71a, Plate II.

Because the rating schedule offers no further guidance on the issue, the Board will rely on Webster’s definitions of the terms used. Webster’s II New College Dictionary, 670 (1995). “Marked” means noticeable. “Moderate” means of average or medium quantity. Id. at 740.

In December 2018, the Veteran was afforded a VA contract examination. On examination, he demonstrated right ankle dorsiflexion to 10 degrees and plantar flexion to 40 degrees, all without objective evidence of painful motion. The examiner indicated that the Veteran had no additional functional loss; but noted occupational limitations of prolonged standing if ankle is swollen. He retained 5/5 bilateral ankle strength. The examiner indicated that there was no ankylosis and no joint instability.

In June 2019, the Veteran was afforded another VA contract examination. The Veteran reported no flare ups. On examination, he demonstrated right ankle dorsiflexion to 5 degrees and plantar flexion to 20 degrees, pain noted on examination. The examiner indicated that the Veteran had no additional functional loss. He retained 4/5 bilateral ankle strength. The examiner noted functional impact such as climbing, standing, walking, bending. The examiner indicated that there was no ankylosis. 

For the period prior to June 7, 2019, the Board concludes that a higher rating is not warranted. The Veteran’s right ankle findings are consistent with “moderate” limitation of motion as the Veteran demonstrated dorsiflexion to 10 degrees, which is half of normal range of motion, and normal plantar flexion to 45 degrees. See VA contract examinations dated December 2018. Based on the Veteran’s range of motion, noticeable limitation of motion has not been shown as the Veteran retained total range of motion of approximately 75 percent. Accordingly, the Veteran’s right ankle disability results in a moderate limitation of motion, consistent with a 10 percent rating under Diagnostic Code 5271.

However, beginning June 7, 2019, the Board concludes that the maximum 20 percent rating is warranted as the Veteran’s right ankle findings are consistent with “marked” limitation of motion. See June 2019 VA contract examination showing dorsiflexion from 0 degrees to 5 degrees, which is less than half of normal range of motion. Accordingly, the Veteran’s right ankle disability results in a marked limitation of motion, consistent with a 20 percent rating under Diagnostic Code 5271. 

Additionally, the Board recognizes the Veteran’s reports of functional limitations and symptomology, to include pain. However, the objective evidence does not support a finding that the Veteran’s service-connected right ankle have been associated with such additional functional limitations as to warrant an increased compensation under the provisions of 38 C.F.R. § 4.40 and 38 C.F.R. § 4.45. DeLuca v. Brown, 8 Vet. App. 202 (1995). Specifically, the December 2018 examiner indicated no objective evidence of pain on examination and no functional loss due to pain or due to weakness, fatigability, incoordination, or pain on movement of a joint under 38 C.F.R. §§ 4.40 and 4.45. DeLuca v. Brown, 8 Vet. App. 202 (1995). Furthermore, for the period prior to June 7, 2019, the Veteran nevertheless retained range of motion in excess of moderate limitation of motion, which is equivalent to 10 percent ratings. As such, the evidence does not support the conclusion that the Veteran’s right ankle disability results in findings consistent with higher ratings for marked limitation of motion. 

However, beginning June 7, 2019, the Veteran is now in receipt of the maximum rating allowed based range of motion. The only ratings available are a 30 and 40 percent rating for ankylosis of the ankle. Where a musculoskeletal disability is evaluated at the highest rating available based upon limitation of motion, further DeLuca analysis is foreclosed. Johnston v. Brown, 10 Vet. App. 80 (1997).

Accordingly, the criteria for a schedular rating in excess of 10 percent for the Veteran’s right ankle disability have not been met, and the claim is denied. Beginning June 7, 2019, the criteria for a schedular rating of 20 percent for the Veteran’s right ankle disability have been met, and the Veteran’s claim is granted.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). 

3. Entitlement to service connection for a back disability.

As explained below, the Board finds service connection for a back disability is warranted on a secondary basis. 

In this regard, the Board assigns probative weight to the October 2019 medical opinion from the Veteran’s private treating physician that establishes the basis for service connection. 

In support of the Veteran’s claim, Dr. T.S. opined that the Veteran’s current chronic back disability developed secondarily to the right ankle condition. Dr. T.S. explained that the Veteran’s lumbar spine disease developed due to gait changes from his service-connected right ankle condition. He further indicated that this was a well-recognized complication supported by medical literature. See Statement from T.S., M.D., dated October 2019. 

Additionally, the record also reflects the Veteran’s competent and credible statements of his 1966 right ankle injury from a parachute jump and his worsening back symptoms since separation from service. 

Taking all reports into account and resolving all reasonable doubt in the Veteran’s favor, the Board finds that service connection for a back disability as secondary to service-connected right ankle disability is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

4. Entitlement to service connection for a neck disability.

5. Entitlement to service connection for a left leg disability.

Because the Board presently establishes service-connection for a back disability, the evidence of record now also indicates that the Veteran is entitled to service connection for neck and left leg disabilities on a secondary basis. 

The record reflects favorable medical opinions from the Veteran’s treating physician which the Board finds probative. 

With respect to the neck disability, Dr. T.S. opined that the Veteran’s current chronic neck disability became symptomatic in approximately 1968 and developed secondarily to the lumbar spine condition which became symptomatic in approximately 1966. In his rationale, Dr. T.S. explained that “the phenomenon of cervical spine disease developing from lumbar spine disease is well described in the current credible professional medical literature.” See Statement from T.S., M.D., dated October 2019. Further, there is no contravening medical opinion evidence in this regard. 

(Continued on the next page)

 

With respect to the left leg disability, Dr. T.S. opined that the Veteran’s current bilateral leg sciatic and femoral neuritis are secondarily to the lumbar spine condition. The physician noted that this condition became symptomatic in approximately 1983 secondarily to the lumbar spine condition which became symptomatic in approximately 1966. See Statement from T.S., M.D., dated October 2019. Again, there is no contravening medical opinion evidence in this regard. 

Thus, resolving any reasonable doubt in favor of the Veteran, the Board finds that the Veteran is entitled to service connection for a neck disability and left leg disability, secondary to (now) service-connected back disability. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. An, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.